**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**-Charleston Division-**

| | |
|---|---|
| ENI CLEMENT OKONOFUA, MD,<br>*Plaintiff*,<br>–v–<br>CVS PHARMACY, INC.,<br>*Defendant*. | Civil Case No. 2:26-cv-4798-RMG |

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446, Defendant CVS Pharmacy, Inc. ("CVS Pharmacy") removes this action from the Court of Common Pleas for Charleston County, South Carolina to the United States District Court for the District of South Carolina. As grounds for removal, CVS Pharmacy states as follows:

## NATURE OF THE REMOVED ACTION

1. This action has one plaintiff, Dr. Eni Clement Okonofua, MD ("Dr. Okonofua") and one defendant, CVS Pharmacy.

2. Dr. Okonofua filed this action against CVS Pharmacy in the Court of Common Pleas for Charleston County, South Carolina on February 24, 2026 and simultaneously filed an *ex parte* motion for a temporary restraining order that was heard and denied. Dr. Okonofua filed an amended complaint on February 26, 2026. Dr. Okonofua served CVS Pharmacy with his original and amended complaints nearly ten months later, on October 2, 2026.

3. Dr. Okonofua is a medical doctor specializing in internal medicine with a focus on pain management. Ex. A, Am. Compl. ¶ 5. Dr. Okonofua asserts claims for tortious interference of business relations and defamation arising from CVS Pharmacy's decision to block its pharmacists from filling controlled substance prescriptions written by him due to its concerns about his opioid prescribing practices. *Id.* ¶¶ 19-43. Dr. Okonofua seeks actual, consequential, and punitive damages as well as a permanent injunction enjoining CVS Pharmacy from refusing to fill his controlled substance prescriptions. *Id.* ¶¶ 34, 43, 48.

**REMOVAL IS TIMELY**

4. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on CVS Pharmacy in the state court action are attached hereto as Exhibit A.

5. As those materials make clear, despite filing this action on February 24, 2026, Dr. Okonofua did not serve CVS Pharmacy until October 2, 2026.

6. Accordingly, this notice of removal is timely filed within 30 days of service on CVS Pharmacy as required by 28 U.S.C. § 1446(b). *Murphy Bros., Inc.* v. *Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354-56 (1999) (30-day removal period begins to run upon service of summons and complaint).

**VENUE IS PROPER IN THIS COURT**

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the Court of Common Pleas for Charleston County, South Carolina—where the state court action is pending—is located within the Charleston Division of the United States District Court for the District of South Carolina.

**REMOVAL IS PROPER BECAUSE THERE IS DIVERSITY JURISDICTION**

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Dr. Okonofua and CVS Pharmacy; (2) the amount in controversy exceeds $75,000 exclusive of interest and costs; and (3) all other requirements for removal have been satisfied.[1]

**A. There Is Diversity of Citizenship**

9. Dr. Okonofua is a citizen of South Carolina. Ex. A, Am. Compl. ¶ 1.

10. CVS Pharmacy is a citizen of Rhode Island. For purposes of diversity jurisdiction, a corporation is a citizen of every state where it is incorporated and every state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). CVS Pharmacy is incorporated in Rhode Island, Ex. A, Am. Compl. ¶ 2, and its principal place of business also is in Rhode Island. Ex. B, CVS Pharmacy 2006 Annual Report with the State of Rhode Island (stating that CVS's principal business office is in Woonsocket, Rhode Island).

11. Accordingly, there is complete diversity of citizenship here.

**B. The Amount-in-Controversy Requirement Is Met**

12. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC* v. *Owens*, 135 S. Ct. 547, 554 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553.

[1] An email was sent to Plaintiff's counsel requesting a Stipulation that the amount in controversy exceeds $75,000 on October 11, 2026. At the time of this filing, defense counsel did not yet receive a response. Attached hereto as Exhibit B.

13. Although Dr. Okonofua did not allege a specific damages amount in his original or amended complaint, his allegation indicate that he is seeking to recover more than $75,000 exclusive of interest and costs.

14. Dr. Okonofua regularly treats patients with chronic and severe pain, has a reputation for treating such patients, and regularly receives referrals from other physicians to treat such patients. Ex. A, Am. Compl. ¶¶ 6-7. He alleges that CVS Pharmacy's decision to block its pharmacies from filling his controlled substance prescriptions will create a stigma on him and his medical practice and will do "substantial" harm to his character and reputation. *Id.* ¶¶ 23, 38. He also alleges that, as a result of CVS Pharmacy's decision, "many" of his patients will be forced to terminate their doctor-patient relationship with him and seek medical care elsewhere, and that he will sustain damages from lost patients, lost business, and lost revenue. *Id.* ¶¶ 22, 32-33. Dr. Okonofua seeks not only compensatory damages but also consequential damages and punitive damages. *Id.* ¶¶ 34, 43, 48.

15. CVS Pharmacy denies these allegations and that Dr. Okonofua has sustained any damages, and CVS Pharmacy maintains that its decision to block its pharmacies from filling Dr. Okonofua's controlled substance prescriptions was proper. But based on the nature of Dr. Okonofua's business (a medical practice), his allegations that his reputation for treating patients with chronic and severe pain will be "substantially" harmed and that he will lose "many" of his patients, and the relief is he is seeking (compensatory, consequential, and punitive damages), it is reasonable to conclude that Dr. Okonofua is seeking more than $75,000 in relief (exclusive of interest and costs) in this action.

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

16. CVS Pharmacy has satisfied the procedural requirements for removal under 28 U.S.C. § 1446.

17. There are no other defendants named in this action, so no other defendant's consent is required. *See* 28 U.S.C. § 1446(b)(2)(A).

18. In accordance with 28 U.S.C. § 1446(d), CVS Pharmacy is serving a copy of this Notice of Removal upon counsel for Dr. Okonofua and will file a copy of the Notice with the Clerk of the Court of Common Pleas for Charleston County, South Carolina.

19. Nothing in this Notice of Removal should be interpreted as a waiver or relinquishment of CVS Pharmacy's right to assert any and all defenses or objections to the amended complaint.

20. CVS Pharmacy reserves the right to amend or supplement this Notice of Removal. If any questions arise as to the propriety of removal of this action, CVS Pharmacy respectfully requests the opportunity to submit briefing, argument, and additional evidence as necessary to support removal.

**WHEREFORE**, Defendant CVS Pharmacy respectfully requests that this Court consider this Notice for Removal as provided by law governing the removal of cases to this Court; that this Court make the proper orders to effect the removal of this cause of action from the Court of Common Pleas for Charleston County, South Carolina to this Court; and that this Court make such orders as may be appropriate to effect the preparation and filing of a true record of all proceedings that may have been had in the circuit court.

HOOD LAW FIRM, LLC
172 Meeting Street
Post Office Box 1508
Charleston, SC 2941/02
Phone: (843) 577-4435
Facsimile: (843) 722-1630

*s/ Molly H. Craig*
Molly H. Craig (6671)
molly.craig@hoodlaw.com

***Counsel for Defendant CVS Pharmacy, Inc.***

October 12, 2026
Charleston, South Carolina

**VERIFICATION**

The undersigned attorney affirms and states:

That she is one of the attorneys for the Defendant herein and is authorized to sign this Notice of Removal for the Defendant. That she has prepared and read the foregoing Notice of Removal and the matters and things therein are true as she verily believes.

*s/ Molly H. Craig*
Molly H. Craig (6671)