# EXHIBIT A

ELECTRONICALLY FILED - 2026 Feb 24 4:37 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CHARLESTON | ) | Civil Action No. ____________________ |
| Eni Clement Okonofua, MD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Ex Parte Motion for Temporary Restraining Order** |
| | ) | |
| CVS Pharmacy, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| ____________________________________ | ) | |

NOW COMES Eni Clement Okonofua, MD, Plaintiff in the above captioned action, and by and through undersigned counsel, submits the following Ex Parte Motion for Temporary Restraining Order and shows as follows:

1. Dr. Eni Clement Okonofua is a licensed medical doctor specializing in internal medicine with a focus in pain management. He has been licensed to practice medicine for more than forty-three years and has practiced in South Carolina since 1999. Affidavit of Dr. Okonofua attached hereto as Exhibit A, at ¶¶ 1–2.
2. As part of his practice, Dr. Okonofua regularly treats patients suffering from chronic and severe pain involving the spine, joints, and musculoskeletal system. He has developed a reputation in the community as a physician who can be trusted to treat patients dealing with chronic pain, and he regularly receives referrals from other physicians. Id. at ¶ 3.
3. Before prescribing any pain medication, including controlled substances, Dr. Okonofua meets with each patient in person and conducts a direct clinical evaluation. He follows applicable South Carolina medical guidelines and regulatory requirements governing the prescribing of controlled substances and pain management treatment. He performs extensive due diligence to ensure prescriptions are medically necessary and appropriate.

ELECTRONICALLY FILED - 2026 Feb 24 4:37 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

His protocol includes reviewing patient medical records, checking the Prescription Drug Monitoring Program, requiring pain management agreements, performing urine drug screens, conducting pill counts, reviewing arrest records, and investigating any and all reports of possible misuse, regardless of the source. Id. at ¶ 4.

4. Due to the nature of his practice, many of Dr. Okonofua's patients have a demonstrated medical need for opioid medication prescribed for legitimate medical purposes. Id. at ¶ 5.

5. Dr. Okonofua is currently in good standing with the S.C. Department of Public Health Bureau of Drug Control and is authorized to issue prescriptions for controlled substances. Verification attached hereto as Exhibit B.

6. On or about January 14, 2026, Dr. Okonofua received a letter from CVS Pharmacy, Inc. requesting to speak with him regarding "outlier prescribing patterns." Letter attached as Exhibit C.

7. Dr. Okonofua, along with his counsel, participated in a call with CVS representatives on January 28, 2026. At the beginning of the interview, a request to record the call was made by Dr. Okonofua's counsel and denied by CVS. During the call, Dr. Okonofua answered all questions. The CVS representative did not identify any instance in which Dr. Okonofua had prescribed opioids inappropriately or for a non-medical purpose. Exhibit A at ¶ 6.

8. On February 18, 2026, CVS sent written notice advising that it would direct its pharmacies nationwide to no longer fill controlled substance prescriptions written by Dr. Okonofua, effective February 26, 2026. Letter attached hereto as Exhibit D.

9. CVS's refusal to fill controlled substance prescriptions written by Dr. Okonofua is scheduled to take effect on February 26, 2026, and will become effective within two days of the filing of this Motion. Id.

ELECTRONICALLY FILED - 2026 Feb 24 4:37 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

10. Dr. Okonofua anticipates that his patients will experience difficulty obtaining medications prescribed to manage chronic and severe pain once CVS's refusal becomes effective. Exhibit A at ¶ 8.
11. If CVS proceeds with its refusal, Dr. Okonofua anticipates that many of his patients will be forced to terminate their physician-patient relationship with him, and his professional reputation and medical practice will suffer substantial harm. Id. at ¶ 8.
12. Plaintiff lacks an adequate remedy at law because the harm to his medical practice, reputation, and continuity of patient care cannot be fully remedied by monetary damages.
13. Plaintiff has filed a Summons and Complaint seeking injunctive relief. Pending a hearing on Plaintiff's request for a preliminary injunction, Plaintiff petitions this Court to enter a Temporary Restraining Order temporarily enjoining Defendant CVS Pharmacy, Inc. from refusing to fill prescriptions for controlled substances written by Dr. Okonofua in the ordinary course of his medical practice.
14. Plaintiff would show this Court that unless a Temporary Restraining Order is granted, he will suffer irreparable harm as his patients will be unable to obtain prescribed medications, his patient relationships will be disrupted, and his medical practice and professional reputation will suffer damage.
15. Pursuant to Rule 65(b), SCRCP, counsel certifies that on February 23, 2026, he left a voicemail with the CVS representative listed on the correspondence, Susan Laskowski, but otherwise no advance notice of this Motion has been given because immediate and irreparable harm will occur. CVS's refusal to fill prescriptions is scheduled to take effect within two days, and delay will disrupt patient care and cause damage to Plaintiff's medical practice and reputation.

ELECTRONICALLY FILED - 2026 Feb 24 4:37 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

16. In support whereof, Plaintiff relies upon the exhibits attached hereto, including the Affidavit of Dr. Eni Clement Okonofua being filed herewith. Dr. Okonofua will be available to present testimony as needed.

**THE BOSTIC LAW GROUP, P.A.**

___/s Christopher M. Ramsey_______
Christopher M. Ramsey
2236 Ashley Crossing Dr.
Charleston, SC 29414
(843) 571-2525
Fax: (843) 571-7050
cramsey@bosticlaw.com
*Attorneys for the Plaintiff*

February 24, 2026

Charleston, South Carolina

ELECTRONICALLY FILED - 2026 Feb 24 4:37 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF CHARLESTON | ) <br>) <br>) | IN THE COURT OF COMMON PLEAS<br><br>Civil Action No. ________________ |
| Eni Clement Okonofua, MD,<br><br>Plaintiff,<br><br>vs.<br><br>CVS Pharmacy, Inc.,<br><br>Defendant. | ) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) | **Affidavit of Eni Clement Okonofua, M.D.** |

1. My name is Eni Clement Okonofua. I am over the age of 18 and competent to testify regarding my personal observation of events. I understand this affidavit is being used in connection with the above-referenced case in support of a Motion for Temporary Restraining Order.

2. I am a licensed medical doctor specializing in internal medicine with a focus in pain management. I graduated from the University of Benin College of Medical Sciences in 1983, where I obtained my medical degree. I performed my residency at the Morehouse School of Medicine. I have been licensed to practice medicine for 43 years, including in South Carolina since 1999. I served as an assistant professor at the Medical University of South Carolina for seven years, where I taught internal medicine. I have privileges at Roper Hospital and Bon Secours St. Francis Hospital, among others.

3. As a part of my practice, I regularly see patients who are suffering from extreme pain in their spine, joints, and skeletal issues. I have built a reputation in the community as a doctor who can be trusted to treat patients dealing with chronic pain, and accordingly other doctors refer their patients to me.

4. Before prescribing any patient a pain medication, including opioids, I perform due diligence to make sure the pain medication is medically necessary and appropriate for that patient. First, I review a patient's record from his/her primary care doctor or pain management doctor. I conduct a search of the PDMP (Prescription Drug Monitoring Program) to make sure no other pain medicine has been prescribed which overlaps. I review police arrest records each time a patient comes in. I require a patient to sign a Pain Management Contract to remain in the program. I perform a urine drug screen at baseline and while taking the prescribed medicine. I perform a pill count periodically to make sure a patient has not taken more than the required dosage. I pursue any anonymous call regarding a patient. I follow

ELECTRONICALLY FILED - 2026 Feb 24 4:37 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

up on any "red flags" regardless of where they come from. I follow the state guidelines and perform an in-person examination before prescribing medicine or renewing the prescription, each and every time.

5. Due to the nature of my practice, many of my patients have a demonstrated medical need for opioid medication. I understand that with this need also comes responsibility on my part to make sure the medication is necessary, appropriate, and not being abused by the patient.

6. On or about January 14, 2026, I received a letter from CVS Pharmacy. They asked to speak with me regarding "outlier prescribing patterns." I participated in a call with CVS representatives on January 28, 2026 and answered all of their questions fully and honestly. During our conversation, the CVS representative repeatedly said that "this does not mean you have done anything wrong." She did not identify a single instance where CVS contended that I had prescribed opioids to a patient when it was not medically necessary or when drug abuse was evident.

7. On February 19, 2026, my attorney received a letter from CVS advising that due to concerns over "controlled substance prescribing patterns," CVS was directing its stores to "no longer be able to fill prescriptions that you write for controlled substances." The ban goes into effect on February 26, 2026.

8. If CVS stops filling all of my controlled substance prescriptions, I expect that my patients will have difficulty obtaining their medications from other sources. If my patients are told that CVS will no longer honor my controlled substance prescriptions, this will harm my reputation in the community and my medical practice. I anticipate that many of my patients will be forced to terminate their patient-doctor relationship with me, and will have to look for and get established with a new doctor in order to obtain proper care. My patients rely on their prescribed pain medications to manage their pain, and I fear that they will be left without relief unless something happens.

FURTHER AFFIANT SAYETH NOT

______________________________
Eni Okonofua, M.D.

SWORN to before me this
23 day of Feb., 2026
______________________________
Notary Public for South Carolina
My Commission Expires: 7-15-2035

SHARON J WIETERS
Notary Public, State of South Carolina
My Commission Expires
July 15 2035

ELECTRONICALLY FILED - 2026 Feb 24 4:37 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

1 of 1 100% Find | Next

**SC DPH Bureau of Drug Control Controlled Substances Registration Verification**

| Registration Number | Name / Address | County | Issuance Date | Expiration Date | Schedule |
|---|---|---|---|---|---|
| 2021076 | OKONOFUA, ENI C., MD<br>PREMIER MEDICAL CENTER, INC<br>5390 DORCHESTER RD<br>CHARLESTON, SC 29418 | CHARLESTON | 7/19/1999 | 10/1/2026 | 22N33N45 |

**Verification Disclaimer**: This is to attest to the accuracy of the information contained on the website and to verify that the information is updated at least daily. The information on this site is primary source verification, and is non-modifiable by outside entities.

*© 2026 South Carolina Department of Public Health. All Rights Reserved. 400 Otarre Parkway, Cayce, SC 29033 (803) 898-3432*
*DPH.SC.gov (https://dph.sc.gov)*
*This site is protected by reCAPTCHA and the Google Privacy Policy (https://policies.google.com/privacy) and Terms of Service (https://policies.google.com/terms) apply.*

CVSHealth.

One CVS Drive
Woonsocket, RI 02895

ELECTRONICALLY FILED - 2026 Feb 24 4:37 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

VIA UPS Overnight
1Z0339292996828913

PERSONAL AND CONFIDENTIAL

January 14, 2026

Eni Clement Okonofua, MD
5390 Dorchester Rd
North Charleston, SC 29418

Dear Dr. Okonofua,

Pharmacists are required by law to exercise their professional judgment when filling prescriptions and, in particular, to evaluate that the controlled substance prescriptions they dispense are for legitimate medical purposes.

To support our pharmacists, CVS/pharmacy regularly reviews controlled substance dispensing to identify outlier prescribing patterns. Based on our review, we would like to speak with you to obtain a better understanding of the controlled substance prescribing we have observed.

We ask that you **please contact our scheduler at 401-770-5710 within three business days of receiving this letter** to schedule a call. The call will then be scheduled as soon as possible based on mutual availability.

We appreciate your cooperation in this matter.

Sincerely,

*Susan Laskowski*

Susan Laskowski, PharmD, RPh
Senior Manager, Retail Pharmacy Professional Practice
sll/LH

CVS Health.

One CVS Drive
Woonsocket, RI 02895

VIA UPS Overnight
1Z0339292998718403

PERSONAL AND CONFIDENTIAL

February 18, 2026

Eni Clement Okonofua, MD
C/O Chris Ramsey
2236 Ashley crossing Drive
Charleston, SC 29414

Dear Dr. Okonofua,

We initially contacted you by correspondence dated January 14, 2026 to obtain a better understanding of the controlled substance prescribing patterns we have observed. We had a subsequent interaction with you regarding this matter on January 28, 2026.

After our discussion and review these concerns persist. **Thus, we are writing to inform you that effective February 26, 2026, CVS/pharmacy stores will no longer be able to fill prescriptions that you write for controlled substances.** This suspension applies to all CVS pharmacies including retail and mail order pharmacies, as well as all DBAs under which those pharmacies may dispense.

Sincerely,

*Susan Laskowski*

Susan Laskowski, PharmD, RPh
Senior Manager, Retail Pharmacy Professional Practice
401-770-5710
sll/LH



ELECTRONICALLY FILED - 2026 Feb 24 4:37 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

ELECTRONICALLY FILED - 2026 Feb 24 4:37 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CHARLESTON | ) | Civil Action No. ____________________ |
| Eni Clement Okonofua, MD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **SUMMONS** |
| | ) | (Non-Jury) |
| CVS Pharmacy, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| ________________________________ | ) | |

TO: DEFENDANT NAMED ABOVE:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber, at 2236 Ashley Crossing Drive, Charleston, SC 29414, within thirty (30) days after the service hereof, exclusive of the day of service, and if you fail to answer the said Complaint within the time aforesaid, the Plaintiff will apply to the Court for the relief demanded in the Complaint, and judgment by default may be entered against you.

**THE BOSTIC LAW GROUP, P.A.**
/s/ Christopher M. Ramsey
Christopher M. Ramsey
2236 Ashley Crossing Drive
Charleston, SC 29414
(843) 571-2525
Fax: (843) 571-7050
cramsey@bosticlaw.com
*Attorneys for Plaintiff*

February 24, 2026

Charleston, South Carolina

ELECTRONICALLY FILED - 2026 Feb 24 4:37 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON | ) | Civil Action No. ____________________ |
| Eni Clement Okonofua, MD, | ) | |
| Plaintiff, | ) | |
| vs. | ) | **COMPLAINT** |
| CVS Pharmacy, Inc., | ) | |
| Defendant. | ) | |

NOW COMES Plaintiff, Eni Clement Okonofua, MD, in the above-captioned action, and submits his Complaint against the Defendant as follows:

<u>Identity of Parties and Jurisdictional Allegations</u>

1. Plaintiff is a resident of Charleston County, South Carolina.
2. Upon information and belief, the Defendant is a Rhode Island corporation which is licensed with the Secretary of State as a foreign corporation and does business in Charleston County, South Carolina.
3. This action arises out of Defendant's unjustified refusal to fill prescriptions for controlled substances issued by the Plaintiff.
4. Jurisdiction and venue are proper in this Court.

<u>Relevant Facts and Petition for Injunctive Relief</u>

5. Dr. Eni Clement Okonofua is a licensed medical doctor specializing in internal medicine with a focus in pain management. He has been licensed to practice medicine for more than forty-three years and has practiced in South Carolina since 1999.

ELECTRONICALLY FILED - 2026 Feb 24 4:37 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

6. As part of his practice, Dr. Okonofua regularly treats patients suffering from chronic and severe pain involving the spine, joints, and musculoskeletal system. He has developed a reputation in the community as a physician who can be trusted to treat patients dealing with chronic pain, and he regularly receives referrals from other physicians.
7. Before prescribing any pain medication, including controlled substances, Dr. Okonofua meets with each patient in person and conducts a direct clinical evaluation. He follows applicable South Carolina medical guidelines and regulatory requirements governing the prescribing of controlled substances and pain management treatment. He performs extensive due diligence to ensure prescriptions are medically necessary and appropriate. His protocol includes reviewing patient medical records, checking the Prescription Drug Monitoring Program, requiring pain management agreements, performing urine drug screens, conducting pill counts, reviewing arrest records, and investigating any and all reports of possible misuse, regardless of the source.
8. Due to the nature of his practice, many of Dr. Okonofua's patients have a demonstrated medical need for opioid medication prescribed for legitimate medical purposes.
9. Dr. Okonofua is currently in good standing with the S.C. Department of Public Health Bureau of Drug Control and is authorized to issue prescriptions for controlled substances.
10. On or about January 14, 2026, Dr. Okonofua received a letter from CVS Pharmacy, Inc. requesting to speak with him regarding "outlier prescribing patterns."
11. Dr. Okonofua, along with his counsel, participated in a call with CVS representatives on January 28, 2026. At the beginning of the interview, a request to record the call was made by Dr. Okonofua's counsel and denied by CVS. During the call, Dr. Okonofua answered all questions. The CVS representative did not identify any instance in which Dr. Okonofua had prescribed opioids inappropriately or for a non-medical purpose.

ELECTRONICALLY FILED - 2026 Feb 24 4:37 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

12. On February 18, 2026, CVS sent written notice advising that it would direct its pharmacies nationwide to no longer fill controlled substance prescriptions written by Dr. Okonofua, effective February 26, 2026.
13. CVS's refusal to fill controlled substance prescriptions written by Dr. Okonofua is scheduled to take effect on February 26, 2026, and will become effective within two days of the filing of this Complaint.
14. Dr. Okonofua anticipates that his patients will experience difficulty obtaining medications prescribed to manage chronic and severe pain once CVS's refusal becomes effective.
15. If CVS proceeds with its refusal, Dr. Okonofua anticipates that many of his patients will be forced to terminate their physician-patient relationship with him, and his professional reputation and medical practice will suffer substantial harm.
16. Plaintiff lacks an adequate remedy at law because the harm to his medical practice, reputation, and continuity of patient care cannot be fully remedied by monetary damages.
17. Plaintiff petitions this Court to enter a Temporary Restraining Order and ultimately a permanent injunction enjoining Defendant CVS Pharmacy, Inc. from refusing to fill prescriptions for controlled substances written by Dr. Okonofua in the ordinary course of his medical practice.
18. Plaintiff would show this Court that unless an injunction is granted, he will suffer irreparable harm as his patients will be unable to obtain prescribed medications, his patient relationships will be disrupted, and his medical practice and professional reputation will suffer damage.

WHEREFORE, Plaintiff prays this Honorable Court for an injunction against CVS Pharmacy enjoining it from refusing to fill prescriptions for controlled substances written by Plaintiff, and such other relief as the Court deems proper.

ELECTRONICALLY FILED - 2026 Feb 24 4:37 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

**THE BOSTIC LAW GROUP, P.A.**

___/s Christopher M. Ramsey______
Christopher M. Ramsey
2236 Ashley Crossing Dr.
Charleston, SC 29414
(843) 571-2525
Fax: (843) 571-7050
cramsey@bosticlaw.com
*Attorneys for the Plaintiff*

February 24, 2026

Charleston, South Carolina

FORM 4

**STATE OF SOUTH CAROLINA**
**COUNTY OF** Charleston
**IN THE COURT OF COMMON PLEAS**

**JUDGMENT IN A CIVIL CASE**

**CASE NO.** 2026CP1000972

Eni Clement Okonofua
PLAINTIFF(S)

Cvs Pharmacy Inc
DEFENDANT(S)

**DISPOSITION TYPE (CHECK ONE)**

☐ **JURY VERDICT**. This action came before the court for a trial by jury. The issues have been tried and a verdict rendered.

☑ **DECISION BY THE COURT**. This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered.

☐ **ACTION DISMISSED** (*CHECK REASON*): ☐ Rule 12(b), SCRCP; ☐ Rule 41(a), SCRCP (Vol. Nonsuit); ☐ Rule 43(k), SCRCP (Settled);
☐ Other

☐ **ACTION STRICKEN** (*CHECK REASON*): ☐ Rule 40(j), SCRCP; ☐ Bankruptcy;
☐ Binding arbitration, subject to right to restore to confirm, vacate or modify arbitration award;
☐ Other

☐ **STAYED DUE TO BANKRUPTCY**

☐ **DISPOSITION OF APPEAL TO THE CIRCUIT COURT** (*CHECK APPLICABLE BOX*):
☐ Affirmed; ☐ Reversed; ☐ Remanded;
☐ Other

NOTE: ATTORNEYS ARE RESPONSIBLE FOR NOTIFYING LOWER COURT, TRIBUNAL, OR ADMINISTRATIVE AGENCY OF THE CIRCUIT COURT RULING IN THIS APPEAL.

**IT IS ORDERED AND ADJUDGED:** ☐ See attached order (formal order to follow) ☑ Statement of Judgment by the Court:

Plaintiff's Ex Parte Motion for Temporary Restraining Order (filed on 2/24/26) was heard on February 26, 2026. Motion is DENIED. Plaintiff may file a motion for preliminary injunction and, after service on defendant, have an expedited hearing on the same.

**ORDER INFORMATION**

This order ☐ ends ☑ does not end the case. ☐ See Page 2 for additional information.

## For Clerk of Court Office Use Only

This judgment was electronically entered by the Clerk of Court as reflected on the Electronic Time Stamp, and a copy mailed first class to any party not proceeding in the Electronic Filing System on 02/26/2026 .

Cvs Pharmacy Inc

**NAMES OF TRADITIONAL FILERS SERVED BY MAIL**



ELECTRONICALLY FILED - 2026 Feb 26 11:12 AM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

ELECTRONICALLY FILED - 2026 Feb 26 11:12 AM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

## Court Reporter:

**E-Filing Note: The date of Entry of Judgment is the same date as reflected on the Electronic File Stamp and the clerk's entering of the date of judgment above is not required in those counties. The clerk will mail a copy of the judgment to parties who are not E-Filers or who are appearing pro se. See Rule 77(d), SCRCP.**

---

ELECTRONICALLY FILED - 2026 Feb 26 11:12 AM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

Charleston Common Pleas

**Case Caption:** Eni Clement Okonofua VS Cvs Pharmacy Inc

**Case Number:** 2026CP1000972

**Type:** Order/Electronic Form 4

So Ordered

Jocelyn Newman

ELECTRONICALLY FILED - 2026 Feb 26 5:10 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON | ) | Civil Action No. 2026-CP-10-00972 |
| Eni Clement Okonofua, MD, | ) | |
| Plaintiff, | ) | |
| vs. | ) | **Motion for Preliminary Injunction** |
| CVS Pharmacy, Inc., | ) | |
| Defendant. | ) | |

NOW COMES Eni Clement Okonofua, MD, Plaintiff in the above captioned action, and by and through undersigned counsel, submits the following Motion for Preliminary Injunction and shows as follows:

1. Dr. Eni Clement Okonofua is a licensed medical doctor specializing in internal medicine with a focus in pain management. He has been licensed to practice medicine for more than forty-three years and has practiced in South Carolina since 1999. Affidavit of Dr. Okonofua attached hereto as Exhibit A, at ¶¶ 1–2.
2. As part of his practice, Dr. Okonofua regularly treats patients suffering from chronic and severe pain involving the spine, joints, and musculoskeletal system. He has developed a reputation in the community as a physician who can be trusted to treat patients dealing with chronic pain, and he regularly receives referrals from other physicians. Id. at ¶ 3.
3. Before prescribing any pain medication, including controlled substances, Dr. Okonofua meets with each patient in person and conducts a direct clinical evaluation. He follows applicable South Carolina medical guidelines and regulatory requirements governing the prescribing of controlled substances and pain management treatment. He performs extensive due diligence to ensure prescriptions are medically necessary and appropriate.

ELECTRONICALLY FILED - 2026 Feb 26 5:10 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

His protocol includes reviewing patient medical records, checking the Prescription Drug Monitoring Program, requiring pain management agreements, performing urine drug screens, conducting pill counts, reviewing arrest records, and investigating any and all reports of possible misuse, regardless of the source. Id. at ¶ 4.

4. Due to the nature of his practice, many of Dr. Okonofua's patients have a demonstrated medical need for opioid medication prescribed for legitimate medical purposes. Id. at ¶ 5.
5. Dr. Okonofua is currently in good standing with the S.C. Department of Public Health Bureau of Drug Control and is authorized to issue prescriptions for controlled substances. Verification attached hereto as Exhibit B.
6. On or about January 14, 2026, Dr. Okonofua received a letter from CVS Pharmacy, Inc. requesting to speak with him regarding "outlier prescribing patterns." Letter attached as Exhibit C.
7. Dr. Okonofua, along with his counsel, participated in a call with CVS representatives on January 28, 2026. At the beginning of the interview, a request to record the call was made by Dr. Okonofua's counsel and denied by CVS. During the call, Dr. Okonofua answered all questions. The CVS representative did not identify any instance in which Dr. Okonofua had prescribed opioids inappropriately or for a non-medical purpose. Exhibit A at ¶ 6.
8. On February 18, 2026, CVS sent written notice advising that it would direct its pharmacies nationwide to no longer fill controlled substance prescriptions written by Dr. Okonofua, effective February 26, 2026. Letter attached hereto as Exhibit D.
9. CVS's refusal to fill controlled substance prescriptions written by Dr. Okonofua is scheduled to take effect on February 26, 2026. Id.

ELECTRONICALLY FILED - 2026 Feb 26 5:10 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

10. Dr. Okonofua anticipates that his patients will experience difficulty obtaining medications prescribed to manage chronic and severe pain once CVS refuses to fill their prescriptions. Exhibit A at ¶ 8.

11. If CVS proceeds with its refusal, Dr. Okonofua anticipates that many of his patients will be forced to terminate their physician-patient relationship with him, and his professional reputation and medical practice will suffer substantial harm. Id. at ¶ 8.

12. Plaintiff lacks an adequate remedy at law because the harm to his medical practice, reputation, and continuity of patient care cannot be fully remedied by monetary damages.

13. Plaintiff petitions this Court to enter a Preliminary Injunction temporarily enjoining Defendant CVS Pharmacy, Inc. from refusing to fill prescriptions for controlled substances written by Dr. Okonofua in the ordinary course of his medical practice.

14. Plaintiff would show this Court that unless a Preliminary Injunction is granted, he will suffer irreparable harm as his patients will be unable to obtain prescribed medications, his patient relationships will be disrupted, and his medical practice and professional reputation will suffer damage.

15. In support whereof, Plaintiff relies upon the exhibits attached hereto, including the Affidavit of Dr. Eni Clement Okonofua being filed herewith. Dr. Okonofua will be available to present testimony as needed.

**THE BOSTIC LAW GROUP, P.A.**

/s Christopher M. Ramsey
Christopher M. Ramsey
2236 Ashley Crossing Dr.
Charleston, SC 29414
(843) 571-2525
Fax: (843) 571-7050

ELECTRONICALLY FILED - 2026 Feb 26 5:10 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

cramsey@bosticlaw.com
*Attorneys for the Plaintiff*

February 26, 2026

Charleston, South Carolina

ELECTRONICALLY FILED - 2026 Feb 24 4:37 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972
ELECTRONICALLY FILED - 2026 Feb 26 5:10 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CHARLESTON | ) | Civil Action No. ____________ |
| Eni Clement Okonofua, MD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Affidavit of Eni Clement Okonofua, M.D.** |
| | ) | |
| CVS Pharmacy, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

1. My name is Eni Clement Okonofua. I am over the age of 18 and competent to testify regarding my personal observation of events. I understand this affidavit is being used in connection with the above-referenced case in support of a Motion for Temporary Restraining Order.

2. I am a licensed medical doctor specializing in internal medicine with a focus in pain management. I graduated from the University of Benin College of Medical Sciences in 1983, where I obtained my medical degree. I performed my residency at the Morehouse School of Medicine. I have been licensed to practice medicine for 43 years, including in South Carolina since 1999. I served as an assistant professor at the Medical University of South Carolina for seven years, where I taught internal medicine. I have privileges at Roper Hospital and Bon Secours St. Francis Hospital, among others.

3. As a part of my practice, I regularly see patients who are suffering from extreme pain in their spine, joints, and skeletal issues. I have built a reputation in the community as a doctor who can be trusted to treat patients dealing with chronic pain, and accordingly other doctors refer their patients to me.

4. Before prescribing any patient a pain medication, including opioids, I perform due diligence to make sure the pain medication is medically necessary and appropriate for that patient. First, I review a patient's record from his/her primary care doctor or pain management doctor. I conduct a search of the PDMP (Prescription Drug Monitoring Program) to make sure no other pain medicine has been prescribed which overlaps. I review police arrest records each time a patient comes in. I require a patient to sign a Pain Management Contract to remain in the program. I perform a urine drug screen at baseline and while taking the prescribed medicine. I perform a pill count periodically to make sure a patient has not taken more than the required dosage. I pursue any anonymous call regarding a patient. I follow

ELECTRONICALLY FILED - 2026 Feb 24 4:37 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972
ELECTRONICALLY FILED - 2026 Feb 26 5:10 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

up on any "red flags" regardless of where they come from. I follow the state guidelines and perform an in-person examination before prescribing medicine or renewing the prescription, each and every time.

5. Due to the nature of my practice, many of my patients have a demonstrated medical need for opioid medication. I understand that with this need also comes responsibility on my part to make sure the medication is necessary, appropriate, and not being abused by the patient.

6. On or about January 14, 2026, I received a letter from CVS Pharmacy. They asked to speak with me regarding "outlier prescribing patterns." I participated in a call with CVS representatives on January 28, 2026 and answered all of their questions fully and honestly. During our conversation, the CVS representative repeatedly said that "this does not mean you have done anything wrong." She did not identify a single instance where CVS contended that I had prescribed opioids to a patient when it was not medically necessary or when drug abuse was evident.

7. On February 19, 2026, my attorney received a letter from CVS advising that due to concerns over "controlled substance prescribing patterns," CVS was directing its stores to "no longer be able to fill prescriptions that you write for controlled substances." The ban goes into effect on February 26, 2026.

8. If CVS stops filling all of my controlled substance prescriptions, I expect that my patients will have difficulty obtaining their medications from other sources. If my patients are told that CVS will no longer honor my controlled substance prescriptions, this will harm my reputation in the community and my medical practice. I anticipate that many of my patients will be forced to terminate their patient-doctor relationship with me, and will have to look for and get established with a new doctor in order to obtain proper care. My patients rely on their prescribed pain medications to manage their pain, and I fear that they will be left without relief unless something happens.

FURTHER AFFIANT SAYETH NOT

__________________________
Eni Okonofua, M.D.

SWORN to before me this
23 day of Feb., 2026

Sharon J Wieters
Notary Public for South Carolina
My Commission Expires: 7-15-2035

SHARON J WIETERS
Notary Public, State of South Carolina
My Commission Expires
July 15 2035

ELECTRONICALLY FILED - 2026 Feb 24 4:37 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972
ELECTRONICALLY FILED - 2026 Feb 26 5:10 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

1 of 1 100% Find | Next

**SC DPH Bureau of Drug Control Controlled Substances Registration Verification**

| ***Registration Number*** | ***Name / Address*** | ***County*** | ***Issuance Date*** | ***Expiration Date*** | ***Schedule*** |
|---|---|---|---|---|---|
| 2021076 | OKONOFUA, ENI C., MD<br>PREMIER MEDICAL CENTER, INC<br>5390 DORCHESTER RD<br>CHARLESTON, SC 29418 | CHARLESTON | 7/19/1999 | 10/1/2026 | 22N33N45 |

**Verification Disclaimer**: This is to attest to the accuracy of the information contained on the website and to verify that the information is updated at least daily. The information on this site is primary source verification, and is non-modifiable by outside entities.

*© 2026 South Carolina Department of Public Health. All Rights Reserved. 400 Otarre Parkway, Cayce, SC 29033 (803) 898-3432*
*DPH.SC.gov (https://dph.sc.gov)*
*This site is protected by reCAPTCHA and the Google Privacy Policy (https://policies.google.com/privacy) and Terms of Service (https://policies.google.com/terms) apply.*

CVSHealth.

One CVS Drive
Woonsocket, RI 02895

ELECTRONICALLY FILED - 2026 Feb 24 4:37 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972
ELECTRONICALLY FILED - 2026 Feb 26 5:10 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

VIA UPS Overnight
1Z0339292996828913

PERSONAL AND CONFIDENTIAL

January 14, 2026

Eni Clement Okonofua, MD
5390 Dorchester Rd
North Charleston, SC 29418

Dear Dr. Okonofua,

Pharmacists are required by law to exercise their professional judgment when filling prescriptions and, in particular, to evaluate that the controlled substance prescriptions they dispense are for legitimate medical purposes.

To support our pharmacists, CVS/pharmacy regularly reviews controlled substance dispensing to identify outlier prescribing patterns. Based on our review, we would like to speak with you to obtain a better understanding of the controlled substance prescribing we have observed.

We ask that you **please contact our scheduler at 401-770-5710 within three business days of receiving this letter** to schedule a call. The call will then be scheduled as soon as possible based on mutual availability.

We appreciate your cooperation in this matter.

Sincerely,

*Susan Laskowski*

Susan Laskowski, PharmD, RPh
Senior Manager, Retail Pharmacy Professional Practice
sll/LH

ELECTRONICALLY FILED - 2026 Feb 24 4:37 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972
ELECTRONICALLY FILED - 2026 Feb 26 5:10 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

CVSHealth.

One CVS Drive
Woonsocket, RI 02895

VIA UPS Overnight
1Z0339292998718403

PERSONAL AND CONFIDENTIAL

February 18, 2026

Eni Clement Okonofua, MD
C/O Chris Ramsey
2236 Ashley crossing Drive
Charleston, SC 29414

Dear Dr. Okonofua,

We initially contacted you by correspondence dated January 14, 2026 to obtain a better understanding of the controlled substance prescribing patterns we have observed. We had a subsequent interaction with you regarding this matter on January 28, 2026.

After our discussion and review these concerns persist. **Thus, we are writing to inform you that effective February 26, 2026, CVS/pharmacy stores will no longer be able to fill prescriptions that you write for controlled substances.** This suspension applies to all CVS pharmacies including retail and mail order pharmacies, as well as all DBAs under which those pharmacies may dispense.

Sincerely,

*Susan Laskowski*

Susan Laskowski, PharmD, RPh
Senior Manager, Retail Pharmacy Professional Practice
401-770-5710
sll/LH

ELECTRONICALLY FILED - 2026 Feb 26 5:10 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF CHARLESTON | ) | Civil Action No. 2026-CP-10-00972 |
| Eni Clement Okonofua, MD, | ) | |
| Plaintiff, | ) | |
| vs. | ) | **AMENDED COMPLAINT** |
| CVS Pharmacy, Inc., | ) | |
| Defendant. | ) | |

NOW COMES Plaintiff, Eni Clement Okonofua, MD, in the above-captioned action, and submits his Amended Complaint against the Defendant as follows:

Identity of Parties and Jurisdictional Allegations

1. Plaintiff is a resident of Charleston County, South Carolina.
2. Upon information and belief, the Defendant is a Rhode Island corporation which is licensed with the Secretary of State as a foreign corporation and does business in Charleston County, South Carolina.
3. This action arises out of Defendant's unjustified refusal to fill prescriptions for controlled substances prescribed by the Plaintiff.
4. Jurisdiction and venue are proper in this Court.

Relevant Facts

5. Dr. Eni Clement Okonofua is a licensed medical doctor specializing in internal medicine with a focus in pain management. He has been licensed to practice medicine for more than forty-three years and has practiced in South Carolina since 1999.

ELECTRONICALLY FILED - 2026 Feb 26 5:10 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

6. As part of his practice, Dr. Okonofua regularly treats patients suffering from chronic and severe pain involving the spine, joints, and musculoskeletal system.
7. Dr. Okonofua has developed a reputation in the community as a physician who can be trusted to treat patients dealing with chronic pain, and he regularly receives referrals from other physicians.
8. Before prescribing any pain medication, including controlled substances, Dr. Okonofua meets with each patient in person and conducts a direct clinical evaluation.
9. Dr. Okonofua follows applicable South Carolina medical guidelines and regulatory requirements governing the prescribing of controlled substances and pain management treatment.
10. Dr. Okonofua performs extensive due diligence to ensure prescriptions are medically necessary and appropriate.
11. Dr. Okonofua's protocol includes reviewing patient medical records, checking the Prescription Drug Monitoring Program, requiring pain management agreements, performing urine drug screens, conducting pill counts, reviewing arrest records, and investigating any and all reports of possible misuse, regardless of the source.
12. Due to the nature of his practice, many of Dr. Okonofua's patients have a demonstrated medical need for opioid medication prescribed for legitimate medical purposes.
13. Dr. Okonofua is currently in good standing with the S.C. Department of Public Health Bureau of Drug Control and is authorized to issue prescriptions for controlled substances.
14. On or about January 14, 2026, Dr. Okonofua received a letter from CVS Pharmacy, Inc. requesting to speak with him regarding "outlier prescribing patterns."

ELECTRONICALLY FILED - 2026 Feb 26 5:10 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

15. Dr. Okonofua, along with his counsel, participated in a call with CVS representatives on January 28, 2026.
16. At the beginning of the interview, a request to record the call was made by Dr. Okonofua's counsel and denied by CVS.
17. During the call, Dr. Okonofua answered all questions posed by CVS.
18. The CVS representative did not identify any instance in which Dr. Okonofua had prescribed opioids inappropriately or for a non-medical purpose.
19. On February 18, 2026, CVS sent written notice advising that it would direct its pharmacies nationwide to no longer fill controlled substance prescriptions written by Dr. Okonofua, effective February 26, 2026.
20. CVS's refusal to fill controlled substance prescriptions written by Dr. Okonofua is scheduled to take effect on February 26, 2026.
21. Dr. Okonofua anticipates that his patients will experience difficulty obtaining medications prescribed to manage chronic and severe pain once CVS's refusal becomes effective.
22. If CVS proceeds with its refusal, Dr. Okonofua anticipates that many of his patients will be forced to terminate their physician-patient relationship with him.
23. If CVS proceeds with its refusal and tells Dr. Okonofua's patients that it can no longer fill prescriptions issued by him, this will amount to a stigma upon Dr. Okonofua and his practice and substantially harm his character and reputation.
24. Plaintiff lacks an adequate remedy at law because the harm to his medical practice, reputation, and continuity of patient care cannot be fully remedied by monetary damages.
25. Without intervention by the Court, Dr. Okonofua will suffer irreparable harm in the form of loss of patients and loss of professional reputation.

ELECTRONICALLY FILED - 2026 Feb 26 5:10 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

## For a First Cause of Action
**(Tortious Interference with Business Relations)**

26. The foregoing allegations are incorporated as though recited herein verbatim.
27. As set forth herein, the Plaintiff is a licensed medical doctor who treats patients in the Charleston community, many of whom have a demonstrated medical need for pain intervention.
28. CVS is well aware that the Plaintiff has an ongoing doctor-patient relationship with his patients who then go to CVS for assistance with filling their prescriptions that Plaintiff writes.
29. CVS's refusal to fill the Plaintiff's prescriptions will substantially interfere with the doctor-patient relationship between the Plaintiff and his patients who have been prescribed controlled substances.
30. CVS's refusal to fill the Plaintiff's prescriptions for controlled substances is without any justification whatsoever.
31. CVS's action is a blanket ban on Plaintiff's patients without any regard to each individual's medical condition and need for pain medication.
32. CVS's actions are intended to interfere with the Plaintiff's professional and business relationships with his patients, and will have the effect of driving Plaintiff's patients to seek medical care elsewhere.
33. As a direct and proximate result of CVS's refusal to fill the Plaintiff's prescriptions, the Plaintiff will sustain actual damages in the form of loss of patients, loss of business, and lost revenue.

ELECTRONICALLY FILED - 2026 Feb 26 5:10 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

34. Wherefore, the Plaintiff prays this Honorable Court for a judgment against CVS in the amount of his actual, consequential, and punitive damages in an amount to be determined by the jury.

**For a Second Cause of Action**
**(Defamation)**

35. The foregoing allegations are incorporated by reference as though restated verbatim.
36. CVS has decided to cease filling all prescriptions issued by Plaintiff, solely on the basis that the prescriptions are being issued by the Plaintiff, without any regard for the individual circumstances of each patient.
37. CVS will necessarily inform each and every patient of Plaintiff who comes to CVS that the store is no longer filling prescriptions written by the Plaintiff.
38. CVS's communications with Plaintiff's patients amount to an impugning of Plaintiff's reputation and character as a professional medical doctor.
39. CVS's communications with Plaintiff's patients convey false information that Plaintiff has engaged in professional malpractice or wrongdoing.
40. Each of CVS's communications with one of Plaintiff's patients is a publication to a third party.
41. CVS is at fault in conveying false and defamatory information concerning the Plaintiff to the Plaintiff's patients, because CVS has failed to adequately investigate whether Plaintiff is engaged in wrongdoing and has cited no instance when Plaintiff prescribed a prescription that was not medically justified.
42. As a direct and proximate result of CVS conveying false and defamatory information regarding the Plaintiff, the Plaintiff will suffer harm in the form of damage to reputation and loss of business.

ELECTRONICALLY FILED - 2026 Feb 26 5:10 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

43. Wherefore, the Plaintiff prays this Honorable Court for a judgment against CVS in the amount of his actual, consequential, and punitive damages in an amount to be determined by the jury.

**For a Third Cause of Action**
**(Injunctive Relief)**

44. This Court has the jurisdiction to grant injunctive relief where appropriate, both on a preliminary basis and as a permanent order of the Court.
45. Plaintiff has a substantial likelihood of success on the merits on his tortious interference with business relations and defamation claims.
46. If not granted an injunction, Plaintiff will suffer irreparable harm that cannot be remedied by money damages.
47. Plaintiff lacks an adequate remedy at law.
48. Plaintiff petitions this Court to enter a Preliminary Injunction and ultimately a permanent injunction enjoining Defendant CVS Pharmacy, Inc. from refusing to fill prescriptions for controlled substances written by Dr. Okonofua in the ordinary course of his medical practice.
49. Plaintiff would show this Court that unless an injunction is granted, he will suffer irreparable harm as his patients will be unable to obtain prescribed medications, his patient relationships will be disrupted, and his medical practice and professional reputation will suffer damage.

WHEREFORE, Plaintiff prays this Honorable Court for an injunction against CVS Pharmacy enjoining it from refusing to fill prescriptions for controlled substances written by Plaintiff, and such other relief as the Court deems proper.

ELECTRONICALLY FILED - 2026 Feb 26 5:10 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

**THE BOSTIC LAW GROUP, P.A.**

___/s Christopher M. Ramsey______
Christopher M. Ramsey
2236 Ashley Crossing Dr.
Charleston, SC 29414
(843) 571-2525
Fax: (843) 571-7050
cramsey@bosticlaw.com
*Attorneys for the Plaintiff*

February 26, 2026

Charleston, South Carolina

ELECTRONICALLY FILED - 2026 Feb 26 8:32 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CHARLESTON | ) | Civil Action No. 2026-CP-10-00972 |
| Eni Clement Okonofua, MD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **AMENDED COMPLAINT** |
| | ) | (Jury Trial Demanded) |
| CVS Pharmacy, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

NOW COMES Plaintiff, Eni Clement Okonofua, MD, in the above-captioned action, and submits his Amended Complaint against the Defendant as follows:

Identity of Parties and Jurisdictional Allegations

1. Plaintiff is a resident of Charleston County, South Carolina.
2. Upon information and belief, the Defendant is a Rhode Island corporation which is licensed with the Secretary of State as a foreign corporation and does business in Charleston County, South Carolina.
3. This action arises out of Defendant's unjustified refusal to fill prescriptions for controlled substances prescribed by the Plaintiff.
4. Jurisdiction and venue are proper in this Court.

Relevant Facts

5. Dr. Eni Clement Okonofua is a licensed medical doctor specializing in internal medicine with a focus in pain management. He has been licensed to practice medicine for more than forty-three years and has practiced in South Carolina since 1999.

ELECTRONICALLY FILED - 2026 Feb 26 8:32 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

6. As part of his practice, Dr. Okonofua regularly treats patients suffering from chronic and severe pain involving the spine, joints, and musculoskeletal system.
7. Dr. Okonofua has developed a reputation in the community as a physician who can be trusted to treat patients dealing with chronic pain, and he regularly receives referrals from other physicians.
8. Before prescribing any pain medication, including controlled substances, Dr. Okonofua meets with each patient in person and conducts a direct clinical evaluation.
9. Dr. Okonofua follows applicable South Carolina medical guidelines and regulatory requirements governing the prescribing of controlled substances and pain management treatment.
10. Dr. Okonofua performs extensive due diligence to ensure prescriptions are medically necessary and appropriate.
11. Dr. Okonofua's protocol includes reviewing patient medical records, checking the Prescription Drug Monitoring Program, requiring pain management agreements, performing urine drug screens, conducting pill counts, reviewing arrest records, and investigating any and all reports of possible misuse, regardless of the source.
12. Due to the nature of his practice, many of Dr. Okonofua's patients have a demonstrated medical need for opioid medication prescribed for legitimate medical purposes.
13. Dr. Okonofua is currently in good standing with the S.C. Department of Public Health Bureau of Drug Control and is authorized to issue prescriptions for controlled substances.
14. On or about January 14, 2026, Dr. Okonofua received a letter from CVS Pharmacy, Inc. requesting to speak with him regarding "outlier prescribing patterns."

ELECTRONICALLY FILED - 2026 Feb 26 8:32 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

15. Dr. Okonofua, along with his counsel, participated in a call with CVS representatives on January 28, 2026.
16. At the beginning of the interview, a request to record the call was made by Dr. Okonofua's counsel and denied by CVS.
17. During the call, Dr. Okonofua answered all questions posed by CVS.
18. The CVS representative did not identify any instance in which Dr. Okonofua had prescribed opioids inappropriately or for a non-medical purpose.
19. On February 18, 2026, CVS sent written notice advising that it would direct its pharmacies nationwide to no longer fill controlled substance prescriptions written by Dr. Okonofua, effective February 26, 2026.
20. CVS's refusal to fill controlled substance prescriptions written by Dr. Okonofua is scheduled to take effect on February 26, 2026.
21. Dr. Okonofua anticipates that his patients will experience difficulty obtaining medications prescribed to manage chronic and severe pain once CVS's refusal becomes effective.
22. If CVS proceeds with its refusal, Dr. Okonofua anticipates that many of his patients will be forced to terminate their physician-patient relationship with him.
23. If CVS proceeds with its refusal and tells Dr. Okonofua's patients that it can no longer fill prescriptions issued by him, this will amount to a stigma upon Dr. Okonofua and his practice and substantially harm his character and reputation.
24. Plaintiff lacks an adequate remedy at law because the harm to his medical practice, reputation, and continuity of patient care cannot be fully remedied by monetary damages.
25. Without intervention by the Court, Dr. Okonofua will suffer irreparable harm in the form of loss of patients and loss of professional reputation.

ELECTRONICALLY FILED - 2026 Feb 26 8:32 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

**For a First Cause of Action**
**(Tortious Interference with Business Relations)**

26. The foregoing allegations are incorporated as though recited herein verbatim.
27. As set forth herein, the Plaintiff is a licensed medical doctor who treats patients in the Charleston community, many of whom have a demonstrated medical need for pain intervention.
28. CVS is well aware that the Plaintiff has an ongoing doctor-patient relationship with his patients who then go to CVS for assistance with filling their prescriptions that Plaintiff writes.
29. CVS's refusal to fill the Plaintiff's prescriptions will substantially interfere with the doctor-patient relationship between the Plaintiff and his patients who have been prescribed controlled substances.
30. CVS's refusal to fill the Plaintiff's prescriptions for controlled substances is without any justification whatsoever.
31. CVS's action is a blanket ban on Plaintiff's patients without any regard to each individual's medical condition and need for pain medication.
32. CVS's actions are intended to interfere with the Plaintiff's professional and business relationships with his patients, and will have the effect of driving Plaintiff's patients to seek medical care elsewhere.
33. As a direct and proximate result of CVS's refusal to fill the Plaintiff's prescriptions, the Plaintiff will sustain actual damages in the form of loss of patients, loss of business, and lost revenue.

ELECTRONICALLY FILED - 2026 Feb 26 8:32 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

34. Wherefore, the Plaintiff prays this Honorable Court for a judgment against CVS in the amount of his actual, consequential, and punitive damages in an amount to be determined by the jury.

**For a Second Cause of Action**
**(Defamation)**

35. The foregoing allegations are incorporated by reference as though restated verbatim.
36. CVS has decided to cease filling all prescriptions issued by Plaintiff, solely on the basis that the prescriptions are being issued by the Plaintiff, without any regard for the individual circumstances of each patient.
37. CVS will necessarily inform each and every patient of Plaintiff who comes to CVS that the store is no longer filling prescriptions written by the Plaintiff.
38. CVS's communications with Plaintiff's patients amount to an impugning of Plaintiff's reputation and character as a professional medical doctor.
39. CVS's communications with Plaintiff's patients convey false information that Plaintiff has engaged in professional malpractice or wrongdoing.
40. Each of CVS's communications with one of Plaintiff's patients is a publication to a third party.
41. CVS is at fault in conveying false and defamatory information concerning the Plaintiff to the Plaintiff's patients, because CVS has failed to adequately investigate whether Plaintiff is engaged in wrongdoing and has cited no instance when Plaintiff prescribed a prescription that was not medically justified.
42. As a direct and proximate result of CVS conveying false and defamatory information regarding the Plaintiff, the Plaintiff will suffer harm in the form of damage to reputation and loss of business.

ELECTRONICALLY FILED - 2026 Feb 26 8:32 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

43. Wherefore, the Plaintiff prays this Honorable Court for a judgment against CVS in the amount of his actual, consequential, and punitive damages in an amount to be determined by the jury.

**For a Third Cause of Action**
**(Injunctive Relief)**

44. This Court has the jurisdiction to grant injunctive relief where appropriate, both on a preliminary basis and as a permanent order of the Court.
45. Plaintiff has a substantial likelihood of success on the merits on his tortious interference with business relations and defamation claims.
46. If not granted an injunction, Plaintiff will suffer irreparable harm that cannot be remedied by money damages.
47. Plaintiff lacks an adequate remedy at law.
48. Plaintiff petitions this Court to enter a Preliminary Injunction and ultimately a permanent injunction enjoining Defendant CVS Pharmacy, Inc. from refusing to fill prescriptions for controlled substances written by Dr. Okonofua in the ordinary course of his medical practice.
49. Plaintiff would show this Court that unless an injunction is granted, he will suffer irreparable harm as his patients will be unable to obtain prescribed medications, his patient relationships will be disrupted, and his medical practice and professional reputation will suffer damage.

WHEREFORE, Plaintiff prays this Honorable Court for the following:

a) A trial by jury as to all issues so triable;
b) An injunction against CVS Pharmacy enjoining it from refusing to fill prescriptions for controlled substances written by Plaintiff;

ELECTRONICALLY FILED - 2026 Feb 26 8:32 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

c) A judgment against CVS Pharmacy for the Plaintiff's actual, consequential, and punitive damages in an amount to be determined by the jury; and

d) Such other relief as the Court deems proper.

**THE BOSTIC LAW GROUP, P.A.**

___/s Christopher M. Ramsey______
Christopher M. Ramsey
2236 Ashley Crossing Dr.
Charleston, SC 29414
(843) 571-2525
Fax: (843) 571-7050
cramsey@bosticlaw.com
*Attorneys for the Plaintiff*

February 26, 2026

Charleston, South Carolina

ELECTRONICALLY FILED - 2026 Jun 17 3:43 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CHARLESTON | ) | Civil Action No. 2026-CP-10-00972 |
| Eni Clement Okonofua, MD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Motion for Continuance** |
| | ) | |
| CVS Pharmacy, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is scheduled for hearing on June 18, 2026 at 11:30 a.m. Plaintiff has not yet been able to effectuate service on the Defendant with the Summons and Complaint, Motion for Temporary Injunction with Exhibits, or Notice of Hearing. Therefore, Plaintiff respectfully requests that this hearing be continued until the next term of court.

**BOSTIC LAW, LLC**

/s/ Christopher M. Ramsey
Christopher M. Ramsey
2236 Ashley Crossing Dr.
Charleston, SC 29414
(843) 571-2525
Fax: (843) 571-7050
cramsey@bosticlaw.com
*Attorneys for the Plaintiff*

June 17, 2026

Charleston, South Carolina

ELECTRONICALLY FILED - 2026 Jun 23 1:09 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CHARLESTON | ) | Civil Action No. 2026-CP-10-00972 |
| Eni Clement Okonofua, MD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Order** |
| | ) | |
| CVS Pharmacy, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court upon Plaintiff's Motion for Continuance of the hearing on Motion for Preliminary Injunction scheduled for June 18, 2026. By Form 4 Order entered February 26, 2026, the Honorable Jocelyn Newman denied Plaintiff's request for temporary injunctive relief and provided that Plaintiff may file a motion for preliminary injunction and, after service upon Defendant, obtain an expedited hearing thereon. Plaintiff seeks a continuance on the basis that service upon Defendant has not been effectuated. For good cause shown, the hearing is continued until the next term of court.

IT IS SO ORDERED.

______________________________
The Honorable Diane S. Goodstein
Circuit Court Judge

ELECTRONICALLY FILED - 2026 Jun 23 1:09 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

Charleston Common Pleas

**Case Caption:** Eni Clement Okonofua VS Cvs Pharmacy Inc

**Case Number:** 2026CP1000972

**Type:** Order/Continuance

It is so Ordered!

s/Diane S. Goodstein

ELECTRONICALLY FILED - 2026 Aug 18 3:20 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CHARLESTON | ) | Civil Action No. 2026-CP-10-00972 |
| Eni Clement Okonofua, MD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Motion for Continuance** |
| | ) | |
| CVS Pharmacy, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is scheduled for hearing on August 19, 2026 at 2:30 p.m. Plaintiff has not yet been able to effectuate service on the Defendant with the Summons and Complaint, Motion for Temporary Injunction with Exhibits, or Notice of Hearing. Therefore, Plaintiff respectfully requests that this hearing be continued until the next term of court.

**BOSTIC LAW, LLC**

__/s/ Christopher M. Ramsey______

Christopher M. Ramsey
2236 Ashley Crossing Dr.
Charleston, SC 29414
(843) 571-2525
Fax: (843) 571-7050
cramsey@bosticlaw.com
*Attorneys for the Plaintiff*

August 18, 2026

Charleston, South Carolina

ELECTRONICALLY FILED - 2026 Aug 19 4:10 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CHARLESTON | ) | Civil Action No. 2026-CP-10-00972 |
| Eni Clement Okonofua, MD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Order** |
| | ) | |
| CVS Pharmacy, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court upon Plaintiff's Motion for Continuance of the hearing on Motion for Temporary Injunction scheduled for August 19, 2026 at 2:30 p.m. For good cause shown, the hearing is continued until the next term of court.

IT IS SO ORDERED.

________________________________

Judge, Ninth Judicial Circuit

ELECTRONICALLY FILED - 2026 Aug 19 4:10 PM - CHARLESTON - COMMON PLEAS - CASE#2026CP1000972

Charleston Common Pleas

**Case Caption:** Eni Clement Okonofua VS Cvs Pharmacy Inc

**Case Number:** 2026CP1000972

**Type:** Order/Continuance

So Ordered

**S/ Misti H Shelton 2796**